IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFREY R. NELSON and<br>UNIVERSITY OF NORTH DAKOTA<br>AEROSPACE FOUNDATION,<br><br>    Plaintiffs,<br><br>VS.<br><br>CHARLES L. W. MCGUIRE,<br><br>    Defendant. | § § § § § § § § § § § § | CIVIL ACTION NO. 07-2389 |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, JEFFREY R. NELSON and UNIVERSITY OF NORTH DAKOTA AEROSPACE FOUNDATION, file this Original Complaint against Defendant, CHARLES L. W. MCGUIRE, and would show the court as follows:

## I. PARTIES

1.1.    Plaintiff, JEFFREY R. NELSON, is an individual who is a citizen of the State of Minnesota.

1.2    Plaintiff, UNIVERSITY OF NORTH DAKOTA AEROSPACE FOUNDATION, is a nonprofit corporation organized under Section 501(c) of the U.S. Internal Revenue Code and as defined in the Texas Charitable Immunity and Liability Act of 1987, Tex. Civ. Prac. & Rem. Code, §84.001, *et. seq.* and is a citizen of North Dakota.

1.3.    Defendant, CHARLES L. W. MCGUIRE, is an individual who is a citizen of the State of Texas and resides at 702 San Jacinto, Liberty, Texas 77575.

## II.  JURISDICTION

2.1.   The court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because the suit is between citizens of different states and the amount in controversy between each Plaintiff and the Defendant exceeds $75,000.00, excluding costs and interest.

## III.  CONDITIONS PRECEDENT

3.1.   All conditions precedent have been performed or have occurred.

## IV.  FACTS

4.1.   This case arises from the crash of a 2005 Cirrus SR 22GTS aircraft, Registration No. N658CD, on August 5, 2006, at or near Boyceville, Wisconsin.

4.2.   Prior to the crash, Defendant purchased the aircraft from Cirrus Design, Inc. of Duluth, Minnesota.  Defendant was been sold the aircraft by Mr. Iggy Burkhardt, Cirrus' regional director based in Addison, Texas, and the sale was closed on August 1, 2006.

4.3.   Defendant's purchase of the aircraft included a multi-day program of familiarization and instruction on the aircraft model.  This program included the provision of flight training and familiarization by UNIVERSITY OF NORTH DAKOTA AEROSPACE FOUNDATION ("FOUNDATION") under a contract with Cirrus.  Defendant also purchased an additional day of training direct from the FOUNDATION.

4.4.   On August 5, 2006, NELSON, a FOUNDATION employee, was accompanying Defendant during a familiarization flight from Richland, Wisconsin.  Defendant was the pilot in command of the aircraft and controlling the aircraft during a final approach to the Boyceville, Wisconsin airport.  During final approach, a planned-for lost-power scenario was attempted whereby the aircraft's power was reduced to idle.  Defendant reacted to the simulated emergency improperly and in such a manner as to put the aircraft into a sudden

and unrecoverable aerodynamic stall. Only after Defendant's actions placed the aircraft in a situation where no recovery was possible, Defendant abandoned control of the aircraft to NELSON with no opportunity to effect emergency recovery procedures. The aircraft crashed, causing injuries to Plaintiff.

4.5   Under a written contract with the manufacturer of the aircraft involved in this mishap, the FOUNDATION is contractually obligated to defend and indemnify the manufacturer of the aircraft with regard to claims filed against the manufacturer arising from or related to the training provided by the FOUNDATION. A claim has been filed against the manufacturer in Liberty County, Texas seeking unspecified damages for personal injuries and damages, including exemplary damages. Any amounts the FOUNDATION is required to pay pursuant to said indemnity obligation were proximately caused by the negligence of Defendant and FOUNDATION hereby sues to recover same.

4.6   The FOUNDATION was also obligated to pay medical and workers compensation benefits to and/or for NELSON as a result of the injuries suffered by NELSON as a proximate result of Defendant's negligence.

## V. COUNT 1
## NEGLIGENCE

5.1.   The facts and allegations set forth in the preceding paragraphs are wholly incorporated herein. Defendant was negligent in failing to maintain control of the aircraft, in piloting the aircraft in a manner unsafe for controlled flight, and in failing to operate the aircraft in accordance with his training and the aircraft's flight characteristics, which failures

caused an unrecoverable departure of the aircraft from controlled flight and resulted in the crash of the aircraft. Such negligence, singularly and collectively, was a proximate cause of the crash and the injuries suffered by Plaintiffs.

5.2.   Defendant was negligent per se for violations of the Federal Aviation Regulations for failing to discharge his responsibility as pilot in command of the aircraft, for engaging in careless and reckless operation of the aircraft, and for failing to adequately operate the aircraft in accordance with safe operating procedures.

## VI.  DAMAGES

6.1.   As a direct and proximate result of Defendant's negligent conduct, Plaintiff NELSON has suffered the following injuries and damages:

    a.   Medical damages in the past and future;

    b.   Physical pain and mental anguish in the past and future;

    c.   Lost earnings;

    d.   Damage to earning capacity.

6.2   Plaintiff's damages are in an amount in excess of the minimum jurisdictional limits of this court and are continuing.

6.3   As a direct and proximate result of Defendant's negligent conduct, Plaintiff FOUNDATION has suffered the following damages:

    a.   Costs to defend claims against the manufacturer arising from the mishap;

    b.   Lost revenue as a result of injuries suffered by NELSON;

    c.   Medical and Workers Compensation payments made to or for NELSON.

## VII.  JURY DEMAND

7.1.   Plaintiff respectfully demands trial by jury pursuant to the Federal Rules of Civil Procedure.  The required jury fee has been paid herewith.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs further pray that Defendant be cited to appear and answer as required by law, that this cause be set for trial before a jury, that upon trial of the merits, Plaintiffs recover judgment against Defendant for the past and future actual damages in such an amount as the evidence may show and the jury may determine to be proper, together with pre-judgement and post-judgment interest, costs of suit, reasonable and necessary attorney's fees and litigation expenses, and all other further relief to which Plaintiffs may be entitled.

Respectfully submitted,

GENDRY & SPRAGUE, P.C.
645 Lockhill Selma
San Antonio, Texas 78216-5057
Telephone:  (210) 349-0511
Facsimile:  (210) 349-2760

By: _____
RON A. SPRAGUE
rsprague@gendrysprague.com
State Bar No.: 18962100
SD Bar No.:  151
THAD COAKLEY
tcoakley@gendrysprague.com
State Bar No.: 00793035

ATTORNEYS FOR PLAINTIFFS

g:\ras\nelson\complaint